GRANGERS MUT. INS. CO. *v.* HENRIETTA M. SMITH

[No. 73, October Term, 1946.]

Decided March 14, 1947.

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Clater W. Smith,* with whom were *Robert H. Mc-Cauly* and *Clark, Thomsen & Smith* on the brief, for the appellant.

*John Wagaman,* with whom was *Charles F. Wagaman* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

On September 5, 1945, a barn situated on appellee's farm in Washington County was partially destroyed by fire. Appellee held a policy issued to her by appellant, and as a result of differences as to the application of this policy, suit was instituted. The court submitted an issue of fact to the jury, and upon its finding of fact, entered judgment for appellee, from which an appeal was taken to this Court.

The facts in this case may be stated as follows: In October, 1943, appellee entered into an agreement to purchase the farm on which the barn is located, from the heirs of the estate of John W. Stonebreaker. At that time the appellant had in force a fire insurance policy whereby it insured said heirs against loss by fire to build-

ings located on the farm, namely: on dwelling, $5,000; on frame roof cow barn, $3,000; on garage, $400; on stone and frame barn, $4,000; on implement shed, $500; on garage, $100; on barn composition hay shed, $1,500; on bull barn, $400; on poultry house, $700; on dairy frame composition roof, $800. The total amount of the insurance was $16,400.

The purchase of the farm from the Stonebreaker heirs was consummated on March 10, 1944, when title thereto was taken by appellee. On November 4, 1943, when the contract for the purchase of the farm was signed, the appellant's policy, issued to the heirs of Stonebreaker, was endorsed by the vendors to appellee. That policy expired on November 4, 1944.

R. Paul Smith is the husband of appellee. He was her agent and authorized by her to insure the buildings on this farm. Benjamin F. Moss is the agent of appellant, and sold the insurance on the buildings located on this farm when it was owned by the Stonebreaker heirs, and issued the policy which was endorsed to the appellee on November 4, 1943. When that policy was about to expire he solicited Mr. Smith for a renewal of the insurance with his company. He went over the specific items with Mr. Smith and states he was advised by him that he had other friends in the insurance business and was going to take a part of the insurance away from him. Moss had with him the dailies for the previous year, which contained a list of the buildings insured, with the amount of coverage on each building. Mr. Smith renewed the insurance on all of the buildings, with the exception of the coverage on the house, of $5,000, and on the hay barn, of $1,500. Those two items were deducted from the coverage at the instance of Mr. Smith. The policy in question was then issued to appellee on the buildings heretofore enumerated, with the exception of the house and hay barn, and the total amount of coverage was $9,900. The difference in the amount of coverage under the previous policy and the amount of coverage under the policy in force at the time of the fire is $6,500,

which corresponds exactly to $5,000 on the house and $1,500 on the hay barn. The insurance on these two buildings was not renewed by Mr. Smith at the time he renewed the insurance on the other buildings. At the time the old policy was about to expire Mr. Smith talked to Mr. Moss. He told Mr. Moss that he was revamping his insurance, for the reason he did not have enough insurance, and thought he had too much in one company. The policy on which this suit is based was issued on the 4th day of November, 1944, and expired on the 4th day of November, 1945.

The proof in the case shows that policy No. 1536 was issued by the Great American Insurance Company, New York, on April 28, 1944, in the sum of $1,000, on a composition roof frame hay barn, No. 2 on Diagram, including sheds and additions adjoining, and that policy No. 9012 was issued by The Brethren Mutual Fire Insurance Company of Hagerstown, Maryland, on December 4, 1944, in the sum of $1,500, on composition roof frame hay barn, including adjoining and communicating sheds and additions thereto, to appellee. These policies cover that part of the building which was identified in the first policy of appellant as $1,500 on barn, composition hay shed, and this item was not renewed in the policy here sued on. It appears, therefore, at the time of the fire appellee had coverage of $2,500 on the hay barn. These facts tend to show that Mr. Smith carried out his intention to reallocate the insurance and to increase the insurance, at least on the hay barn.

Many years ago a former owner built a cow barn on this farm. This building was used only for milking, housing, and otherwise taking care of cows. There were no silos or hay barn attached to and made a part of it. Subsequently there was erected a hay barn and two silos. The silos were joined to the cow barn, which was joined to the hay barn by a lean-to building. Doors opened from the lean-to building into the cow barn, as well as the hay barn. The silos opened into the lean-to building, and ensilage was thrown into this building

from the silos, and from there carried and fed to the cows in the cow barn. Hay was taken from the hay barn into the cow barn and there fed to the cows. These buildings were all connected, and the silos, the roofs of the hay barn, lean-to building, and cow barn were joined together by permanent construction. The cow barn was an "L" shaped structure. There was no change in this building for years before appellee acquired title to the farm. After she purchased it an addition was built to the cow barn, to accommodate about twelve more cows. This was the character of the building at the time appellant sold the insurance to appellee on November 4, 1944. There is no dispute as to the construction of this building.

After the fire occurred the damage to the building was appraised and the appraisers reported: loss to the original structure, $2,132.25; loss to silos, $533; loss to hay storage wing, $3,254.

Item three of the policy sued on is as follows: "$3,000.00 on frame approved roof cow barn." Appellant claims that this item relates only to the cow barn, which was the original structure, and it paid the damage caused to the cow barn, as appraised, which was accepted by appellee without prejudice. The contention of appellee is that item three covers damage to the silos and the hay barn, as well as to the cow barn. Appellee argues that the barn is one building, and the cow barn, hay barn, and silos are a part of the building, and the appellant is liable under the policy. Appellee cited numerous authorities that dealt with the term "building" and what that term connotes. We are not required in this case to explore the meaning of such term, nor to determine what the term "cow barn" embraces. We are called on to determine what the parties intended to insure at the time of the issuance of the policy. For this purpose we must consider the terms of the policy in the light of the actions of the parties at that time.

In *Palatine Ins. Co. v. O'Brien,* 107 Md. 341, at pages 354-355, 64 A 484, at page 487, 16 L. R. A., N. S., 1055,

the court quoted from *Riggin v. Patapsco Insurance Co.,* 7 Har. & J. 279, 16 Am. Dec. 302, as follows:

"In construing a policy of insurance, the Court should give it a fair and liberal interpretation, such as, under all the circumstances of the case, appears most conso- nant to the intention of the parties at the time the con- tract was formed. The design of the assured, being to provide for themselves an indemnity against loss from which the insurers engaged to protect them, such a con- struction should be placed upon their compact as, ac- cording to the understanding of the parties and the nature of the transaction, will effectuate that object."

It is significant in this case that the policy sued on makes no reference to a "hay barn" or to "silos." This is emphasized by the fact that the previous policy car- ried a coverage of "$1500.00 on barn, composition hay shed." This item does not appear in the policy sued on. It does carry a coverage of "$3000.00 on frame roof cow barn." The testimony of Mr. Smith at about the time the policy in question was issued throws light on this subject. He stated that he was going to change the insurance, that there was too much insurance in one company and too little insurance upon some of the build- ings. It is further significant that when this policy was delivered, if Smith intended a coverage on the hay barn he did not call to the attention of the appellant that the hay barn was not covered. He knew that the old policy car- ried specific coverage on the cow barn and the hay barn. It is hard to believe under these circumstances he in- tended the policy in question to cover the hay barn. That he did not so intend is strengthened by the fact that he took out insurance with other companies covering the hay barn to the extent of $2,500, and by the further fact that the difference in the amount of coverage in the old policy and the policy sued on is $6,500. The old policy covered $5,000 on the house and $1,500 on the hay barn. These are the items that Mr. Smith refused to renew in the policy sued on.

It was perfectly competent for these parties to enter into a contract to insure a part of the building described as a "cow barn." Appellee insured with other companies a part of the building described as the "hay barn." The fact that one part of a building is insured and another is not would not affect the legality of such a contract. The contention of appellee seems to be that insurance on one part of this barn covers the entire building. With this we do not agree. The uncontradicted evidence is that the parties agreed and intended, by item three of this policy, not to cover the entire building, but to cover only that part of the building designated as "cow barn," unless the testimony of Mr. Smith, pointed out in appellee's brief, creates a conflict. Mr. Moss clearly testified that Smith told him to eliminate the insurance on the house and on the hay barn. Mr. Smith testified:

"Q. Wasn't the two things you wanted to take from the Grangers and give to some other Company, the dwelling house and this hay barn? A. No.

"Q. And you say you did not request Mr. Moss either in his office or anywhere else to eliminate the dwelling house, $5000 on the dwelling house and $1500 on the hay shed; that you asked him to eliminate $5,000 on the dwelling house and $1,500 on the hay shed from the Granger's policy? A. I did not, not that I can recall.

"Q. You do not recall? A. No, I did not to the best of my recollection."

This equivocal testimony cannot be said to contradict the direct testimony of Mr. Moss. The inference to be drawn from all of the evidence corroborates the testimony of Moss. This evasive denial of Moss's testimony cannot be considered as such a dispute of fact that would warrant the case to be submitted to the jury. The testimony, therefore, before the Court was clear and undisputed and presented a pure question of law. There was no question of fact left for the consideration of the jury.

It is contended that the policy sued on in its terms is clear and unambiguous; that all matters antedating its execution were merged in it and that the introduction in

84

evidence of the policies issued to appellee by the Great American Insurance Company and the Brethren Mutual Fire Insurance Company altered, changed or varied the terms of the policy sued on. Many cases have been cited where the rule invoked has been stated and applied, but we do not think that the policies admitted in evidence altered, changed, or varied the terms of the policy sued on. They merely pointed to the intention of the parties to insure only the cow barn. Moss testified, and it is not contradicted, that the policy was intended to cover only that part of the building called the "cow barn," and those parts of the building called the "hay barn" and "silos" were not intended to be covered in the policy. But even if such testimony was inadmissible, it was harmless error. From a consideration of the terms of the policy sued on, which are clear and unambiguous, in connection with testimony in the case not objected to, we think that there was no evidence adduced by appellee legally sufficient to show that the policy covered those parts of the building which embraced the hay barn and the silos.

The appellant asked for an instructed verdict, which the Court refused, and put to the jury the following issue: "Q. Does the Jury find from the evidence that the policy issued by the defendant to the plaintiff insured the 'hay barn' and 'silos' as well as the 'cow barn' at the time of the fire?" The jury answered, "Yes." The Court then entered a judgment in favor of the plaintiff against the defendant for the sum of $867.75, with interest until paid, and costs. The action of the Court in refusing to direct a verdict for appellant was erroneous.

*Judgment reversed without a new trial, with costs to appellant.*